UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LONNIE HINES                                    CIVIL ACTION NO. 17-cv-0564

VERSUS                                          JUDGE FOOTE

HERMAN SPENCER, ET AL                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Lonnie Hines ("Plaintiff") filed this civil action in federal court based on an assertion of diversity jurisdiction, which places the burden on him to specifically allege the citizenship of each party and establish that there is complete diversity of citizenship. The complaint does not satisfy that burden.

Plaintiff describes himself as being domiciled in Louisiana, which would make him a Louisiana citizen. The complaint describes defendant Herman Spencer as a "resident" of Arkansas. But it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002). Plaintiff will need to file an amended complaint that alleges the state in which Spencer is domiciled and, thus, a citizen.

The complaint describes Bull Motor Company as "a foreign company authorized to do and doing business in the State of Louisiana with its principal place of business in Arkansas." Bull has filed an answer, but it did not provide any additional information about

its citizenship. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). Plaintiff will need to file an amended complaint that specifically alleges the state in which Bull is incorporated.

The complaint describes Federated Mutual Insurance Company as a "foreign insurance company authorized to do and doing business in the State of Louisiana." That is inadequate but, fortunately, Federated filed a corporate disclosure statement (Doc. 4) and represented that it is a Minnesota corporation with its "home office" in Minnesota. That establishes Federated's state of incorporation, but there is still not a specific allegation of the state of its principal place of business, which is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). Perhaps it is the same as the location of the referenced home office, but that is not discernable from the current filings. Plaintiff will need to determine from counsel for Federated the state in which Federated has its principal place of business under the Hertz test and include that allegation in an amended complaint.

The complaint describes State Farm Mutual Automobile Insurance Company as "a foreign insurance company authorized to do and doing business in the State of Louisiana." That is not adequate to establish State Farm's citizenship. It has been alleged in other cases that State Farm Mutual Automobile Insurance Company is a corporation that is incorporated in Illinois and has its principal place of business in Illinois. Edwards v. Liberty Mutual Ins. Co., 2015 WL 2358256, n.2 (M.D. La. 2015); Ravenbauer v. State Farm, 09 CV 0658, Doc. 16 (W.D. La.); and Curtis v. State Farm, 2011 WL 2457870 (E.D. La. 2011). Plaintiff will need to determine if that is still the case and make appropriate allegations in an amended complaint.

The Fifth Circuit has recently emphasized the need to allege citizenship with specificity at an early stage of the case. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017). It is especially important to determine quickly whether this court has jurisdiction in a tort case that a plaintiff files in federal court. That is because prescription is interrupted on a Louisiana tort claim by filing suit only if the court in which suit is filed is one of competent jurisdiction and venue. La. Civ. Code art. 3462. If this court must dismiss for lack of jurisdiction, prescription may not have been interrupted by the filing of the complaint. Tally v. Lovette, 332 So.2d 924 (La. App. 3rd Cir. 1976).

Plaintiff will be allowed until **July 14, 2017** to file an amended complaint and attempt to cure the issues discussed above. Plaintiff will need to file a motion for leave to amend if the time permitted to amend as a matter of course under Fed. R. Civ. Pro. 15 has expired.

Counsel for the defendants are directed to promptly provide the necessary citizenship information to counsel for Plaintiff so that this issue may be resolved efficiently. Finally, Plaintiff should promptly serve State Farm and obtain its appearance in the case. Once all defendants have appeared, and if it is established that there is complete diversity of citizenship, the court will set a scheduling conference.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2017.

                                          Mark L. Hornsby
                                        U.S. Magistrate Judge